UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. GODWIN,<br>CDCR #AS-4717,<br><br>                                    Plaintiff,<br><br>vs.<br><br>THE STATE OF CALIFORNIA AND<br>THE REPRESENTATIVES; WARDEN of<br>R. J. Donovan; GAVIN NEWSOM, the<br>Governor of California; JODI MILLER,<br>Assistant District Attorney; Superior Court<br>Judge CHRISTOPHER PLOURD; State<br>Appointed Attorney JASON AMAVISCA;<br>R. ACEVEDO, Acting Warden,<br><br>                                    Defendants. | Case No.  3:25-cv-03102-RBM-MMP<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS,**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1), and**<br><br>**(3) DENYING MOTION FOR SERVICE AS MOOT**<br><br>**[Doc. 4]** |

Plaintiff Jeremy James Godwin, a state inmate incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff has paid the full $405 civil filing fee and has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.

- 1 -

3:25-cv-03102-RBM-MMP

§ 1915(a).  (Doc. 1-2 at 1; Doc.  2.)  He has also filed a Motion for service of the Complaint by the United States Marshal.  (Doc. 4.)

## I.    MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner seeking leave to proceed IFP must, *in addition to showing an inability to pay the entire fee up front*, submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Although Plaintiff has submitted a prison certificate, (Doc. at 3), he has also prepaid the entire $405.00 filing fee.  (*See* Doc. 1-2 at 1.)  Because Plaintiff prepaid the full $405 filing fee, he has not shown the indigence required to proceed IFP.  *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (the right to proceed in forma pauperis is not absolute); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963) (proceeding in forma pauperis is a matter within the sound discretion of the trial court in civil actions).  Accordingly, Plaintiff's Motion to Proceed IFP is **DENIED** as moot.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A.    Standard of Review

The Court must conduct an initial review of the Complaint under 28 U.S.C. § 1915A, which "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'"  *Chavez v. Robinson*, 817 F.3d

- 2 -

1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017)(quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). There must be more than "labels and conclusions" or "a formalistic recitation of the elements of a cause of action," to plausibly state a claim, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Discussion**

Plaintiff's § 1983 suit is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is clear from the face of his pleading that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), seek relief from defendants who are immune, and are duplicative of those raised and dismissed in a prior § 1983 civil rights action he filed in this Court which was also dismissed as frivolous and for failure to state a claim.

///

///

- 3 -

### 1.    Plaintiff's Allegations

Plaintiff alleges Defendant Imperial County Assistant District Attorney Jody Miller presented false evidence and withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1971), during his criminal prosecution in Imperial County Superior Court Case No. JCF25781, and that as a result he was denied a fair trial and is now falsely imprisoned. (*See* Doc. 1 at 3, 5–8.) Plaintiff alleges Defendant Governor Newsom "signed into law the Unconstitutional laws known as 'Generic Time Frame Evidence' that allows D.A. to hide Brady material." (*Id.* at 3.) He alleges that Defendant Acevedo, the current Acting RJD Warden, is "currently holding me against my will under False Incarceration by use of Falsified Evidence and Unlawful/Unconstitutional laws." (*Id.*) Plaintiff alleges that Defendant Superior Court Judge Christopher Plourd "[a]cted as a prosecutor while sitting on the bench in my case, failed to acknowledge the witness tampering and investigate it." (*Id.*) Finally, Plaintiff alleges that his state appointed attorney Defendant Jason Amavisca rendered ineffective assistance of counsel by intentionally ignoring and failing "to expose the D.A. witnesses' blatant falsifying of evidence and failed to call the D.A. on its use." (*Id.*) The remainder of the Complaint argues that the false and withheld evidence, when coupled with the Defendants' actions, would call into question the validity of his conviction in Imperial County Superior Court Case No. JCF25781, and seeks release from custody and damages.[1] (*Id.* at 5–8.) Plaintiff filed a habeas petition in this Court

---

[1] The Court takes judicial notice of *People v. Godwin*, No. D064909, 2015 WL 2393851, at *1 (Cal. Ct. App. May 18, 2015), affirming Plaintiff's conviction of various sex offenses arising from his molestation of a minor in Imperial County Superior Court Case No. JCF25781. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") On direct appeal, Plaintiff argued there was insufficient evidence of duress or that one of the alleged counts occurred, and claimed the trial court erred by (1) allowing admission of the details of his prior sex offense conviction; (2) denying his mistrial motion based on stricken testimony that he fit the profile of a child molester; and

challenging the validity of that conviction which was denied on multiple non-*Brady* related grounds pursuant to 28 U.S.C. § 2254. *See Godwin v. Davey*, Case No. 3:16-cv-02650-BAS-KSC, 2017 WL 5636280, at *14–29 (S.D. Cal. Nov. 22, 2017), *report and recommendation adopted*, 2018 WL 985462 (S.D. Cal. Feb. 16, 2018), *certificate of appealability denied,* No. 18-55236, 2019 WL 913181, at *1 (9th Cir. Jan. 28, 2019), *cert. denied*, 587 U.S. 1052 (2019). Plaintiff's subsequently-filed action pursuant to 42 U.S.C. § 1983 also alleging *Brady* violations during criminal proceedings in Imperial County Superior Court Case No. JCF25781 was dismissed for failure to state a claim. *See Godwin v. Loera, et al.*, Case No. 3:20-cv-2001-LAB-BLM, 2021 WL 2333253, at *4 (S.D. Cal. June 7, 2021).

### 2.  *Heck* Bar

Plaintiff has not stated a § 1983 claim against any Defendant based on allegations regarding his criminal proceedings. Claims related to the "circumstances" of a prisoner's confinement are brought in a civil rights action, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a [civil rights] action.") (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Wilkinson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). A claim based on "harm

(3) denying his post-trial request for disclosure of juror identifying information. *Godwin*, 2015 WL 2393851, at *1.

- 5 -

caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable outside of the habeas context unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Thus, Plaintiff may not seek relief based on claims he has been unlawfully convicted, sentenced, and/or incarcerated in a civil rights action without first showing his conviction has been invalidated. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a [civil rights] action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'") (quoting *Preiser*, 411 U.S. at 498–99). Because Plaintiff does not allege and cannot show the conviction which forms the basis of his alleged *Brady* claims has already been invalidated, the Court finds his complaint fails to state a claim upon which § 1983 relief can be granted and is subject to *sua sponte* dismissal without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1). *See Heck*, 512 U.S. at 486–87; *see also Rosales-Martinez v. Palmer,* 753 F.3d 890, 896 (9th Cir. 2014) (finding § 1983 *Brady* challenge to conviction "cannot be pursued until the conviction or sentence has been invalidated.").

### 3.  Immunity

In addition, Defendant Superior Court Judge Plourd is immune from actions arising from the discharge of his official duties as alleged by Plaintiff here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not.") This immunity applies "however erroneous the act may have been, and however injurious in its consequences it

- 6 -

may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Thus, Plaintiff has failed to state a claim against Judge Plourd.

Plaintiff's claims against Deputy District Attorney Miller are barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under § 1983 when the alleged wrongful acts were committed by a prosecutor in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quasi-judicial absolute immunity applies to attorneys general for conduct related to their state litigation duties in civil suits); *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 843 (9th Cir. 2016) (state prosecutors are absolutely immune from suit "when performing functions 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Thus, Plaintiff has failed to state a claim against Deputy District Attorney Miller.

Plaintiff has also failed to state a claim against Defendant state appointed attorney Amavisca. A public attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark Cnty.*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The appointed attorney] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's *sua sponte* dismissal of prisoner's § 1983 claims against appointed counsel). Thus, Plaintiff has failed to state a claim against his state appointed attorney Amavisca.

### 4.    Res Judicata

In addition, the doctrine of res judicata bars a party from re-litigating claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Found. Health*

- 7 -

*Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata precludes a subsequent suit when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005)(quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)). The Court may consider the res judicata effect of a prior proceeding *sua sponte*. *See Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1992).

Here, the Court finds that even if Plaintiff's current § 1983 suit were not barred by *Heck* or immunity, he still may not relitigate the *Brady* violations referenced in his amended complaint because he raised the same claims in a previously-filed civil rights action pursuant to § 1983. *See Godwin*, 2021 WL 2333253, at *1–2 (Plaintiff's action alleging "members of the Imperial County District Attorney's Office and Sheriff's Department failed to turn over exculpatory evidence to Plaintiff during [his] criminal prosecution" in Case No. JCF25781 was dismissed for failure to state a claim upon which § 1983 relief could be granted pursuant to 28 U.S.C. 1915A(b)(1)).

Thus, because the *Brady* claims raised in this action are the same as those alleged in Case No. 3:20-cv-02001-LAB-BLM, a § 1983 suit which resulted in a final judgment on the merits, and there is privity between the parties in both cases, *see Headwaters Inc.,* 399 F.3d at 1052, the Court finds Plaintiff's reassertion of those claims in this newly-filed § 1983 action is precluded by res judicata principles. *See Save Bull Trout v. Williams*, 51 F.4th 1101, 1109 (9th Cir. 2022) ("Dismissal for failure to state a claim is a judgment on the merits for purposes of claim preclusion").

### 5.     Leave to Amend

Finally, while the Court generally grants unrepresented litigants leave to amend, it is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal citations omitted). It is absolutely clear that leave to amend in this case would be futile because Plaintiff's claims are and have previously been found to be barred by *Heck*, because he seeks relief against defendants who are immune, and because the claims have

- 8 -

previously been dismissed for failure to state a claim. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); *Bell v. Allison*, No. 20-16880, 2022 WL 4077119, at *1 (9th Cir. 2022) ("Because [plaintiff's] claim is squarely foreclosed by *Heck*, amendment would be futile."); *Cornejo v. Minglana*, Case No. 23-cv-05383-JSW, 2025 WL 870415, at *4 (N.D. Cal. Mar. 20, 2025) (denying leave to amend claims barred by res judicata as futile); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 ("There is no abuse of discretion where a district court dismisses under § 1915[] a complaint that merely repeats pending or previously litigated claims.")(citations omitted).

### C.    Motion for service

Because this action is dismissed without further leave to amend, Plaintiff's Motion for service of the Complaint by the United States Marshal (Doc. 4) is **DENIED** as moot.

### III.    CONCLUSION

Accordingly, for all the reasons discussed, the Court **DENIES** Plaintiff's Motion to proceed IFP as moot, **DENIES** Plaintiff's Motion for Service as moot, **DISMISSES** this civil action based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  March 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-03102-RBM-MMP